### W. W. ZAZIO *v.* W. T. SAMUELS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—987.]

**Posting of Notices Before Commissioner's Sale.**

> The burden is on a purchaser at a commissioner's sale of real estate, where the validity of the sale is at issue, to show that the notices required to be posted prior to such sale were duly posted, and where he fails to show such posting his bid is properly rejected and the commissioner's sale set aside.

### APPEAL FROM BULLIT CIRCUIT COURT.

May 10, 1883.

OPINION BY JUDGE HARGIS:

The master commissioner testified that he did not post any advertisement of the sale except at the courthouse door, and that he handed the other advertisements to third parties, who do not testify that they posted them at all. Although the law presumes that the commissioner did his duty, yet, having testified that he did not post the advertisements as required by the decree, the burden shifted to the purchaser to show that the advertisements were posted in accordance with the directions of the judgment of sale, and having failed to do this, his bid was properly rejected and the commissioner's report set aside, the land having sold for only three-fifths of its proved value, under an erroneous decree rendered on constructive service had by warning order made in pursuance of an affidavit sworn to before a private person who had gone out of office. The defendants who were warned to appear were nonresidents. See Civil Code 1876, § 57, subsec. 2, and § 58; *Commonwealth v. Clark,* 1 Bibb. (Ky.) 531.

*F. P. Strauss, for appellant.*
*Richard McConathy, for appellees.*